UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In Re:      Huy Nguyen,

                                      Debtor.                    **DECISION AND ORDER**
                                                                09-CV-913A

## I.      INTRODUCTION

Pending before the Court is an appeal by creditor AFGM Enterprises

Federal Credit Union ("AFGM") of an order of the United States Bankruptcy

Court for the Western District of New York (Bucki, *C.J.*) entered on September

22, 2009 (the "Bankruptcy Order").  In the Bankruptcy Order, the Bankruptcy

Court granted a motion by debtor Huy Nguyen ("Nguyen") to avoid liens by

AFGM and other creditors against the real property that Nguyen listed as his

homestead in his original Chapter 7 petition.  The Bankruptcy Court's basis for

granting the motion was the increase in New York's homestead exemption from

$10,000 to $50,000, effective August 30, 2005.

On appeal, AFGM argues that the Bankruptcy Order constitutes both an

impermissible retroactive application of the homestead exemption increase and

an impermissible taking without due process in violation of the Fifth Amendment

of the United States Constitution.  The Court held oral argument on September

27, 2010 and accepted supplemental briefing from AFGM on October 15, 2010.

For the reasons below, the Court will remand this case to the Bankruptcy Court for further proceedings before assessing AFGM's arguments on the merits.

## II.    BACKGROUND

This case concerns AFGM's attempt to collect on a judicial lien assessed against real property located at 445 Connecticut Street in the City of Buffalo. AFGM obtained that lien, in the amount of $16,118.60, on December 26, 2002. For several years thereafter, the lien went unpaid, and the record does not indicate that AFGM took any action to collect on it. On October 14, 2005, Nguyen filed a Chapter 7 petition before the Bankruptcy Court. In Schedule C of his petition, Nguyen listed the property at 445 Connecticut Street as his homestead. Nguyen listed the then-current market value of his homestead at $10,000. At the time, New York's homestead exemption, found at N.Y. CPLR 5206, had a maximum value of $10,000. The record does not indicate that AFGM ever challenged Nguyen's assessment of the value of his homestead. On April 17, 2006, the Bankruptcy Trustee filed a Report of No Distribution asserting that, because of the homestead exemption and other reasons, no non-exempt property was available for distribution from the estate. AFGM did not challenge the Trustee's Report of No Distribution. On May 4, 2006, the Bankruptcy Court issued an order discharging Nguyen. On June 5, 2006, the Bankruptcy Court issued an order approving the Trustee's Report of No Distribution and closing the case.

The events leading directly to the pending appeal began with Nguyen's attempt to reopen his bankruptcy case. On May 13, 2009, Nguyen filed a motion with the Bankruptcy Court to reopen his Chapter 7 case and to avoid liens by AFGM and other creditors. The record is not clear as to what happened to prompt Nguyen to make that motion or to allow AFGM to believe that its lien survived bankruptcy discharge. Nonetheless, Nguyen stated in his motion that his homestead now was valued at $35,000, and that it should be shielded from any liens because New York raised the limit on its homestead exemption from $10,000 to $50,000 effective August 30, 2005. AFGM opposed the motion on the grounds that its lien was memorialized as a judicial lien years before the amendment to the homestead exemption, and that retroactive application of the amendment would be both improper and unconstitutional. In the Bankruptcy Order, the Bankruptcy Court granted the motion in accordance with New York case law holding that judgment creditors derive their rights from statutes, meaning that their rights change as those statutes change.

AFGM filed a notice of appeal with this Court on October 26, 2009. AFGM appeals the Bankruptcy Order for the same reasons that it opposed Nguyen's motion before the Bankruptcy Court. Nguyen submitted no papers in opposition to the appeal, apparently choosing to stand on the papers that he submitted to the Bankruptcy Court. Nguyen also did not appear at oral argument for the pending appeal.

At oral argument, the Court took judicial notice, pursuant to Federal Rule

of Evidence 201, that Erie County and City of Buffalo Internet-accessible records

indicate that Nguyen sold the homestead in question on November 24, 2009 for

$10,000 to someone named Ly Mui.[1]  The Court afforded AFGM an opportunity

to investigate whether the homestead in question had, in fact, sold and whether

that sale would render this appeal moot.  On October 15, 2010, AFGM filed a

supplemental affidavit confirming the sale of the homestead but questioning

whether the sale constituted an arms-length transaction.  AFGM submitted

further that the Bankruptcy Court did not specifically determine the value of the

homestead as of the date of Nguyen's petition in 2005, and that this Court

simultaneously should disregard the value of the homestead as of 2009 but also

lend weight to Nguyen's own contention in his motion papers to the Bankruptcy

Court that the current fair-market value of the homestead is $35,000.

## III.    DISCUSSION

### A.    Finality

As an initial matter, this Court must decide if it has jurisdiction to hear this

appeal.  *See United Food & Commercial Workers Union, Local 919, AFL-CIO v.*

*CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) ("[I]n

---

[1] The Court did not take judicial notice of the sale in itself, only the
existence of electronically accessible records that appeared to note a sale and
that counsel had not seen before oral argument.

4

our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, moreover, dismissal is mandatory.") (internal quotation marks and citations omitted); *see also Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We cannot avoid addressing the threshold question of jurisdiction simply because our finding that federal jurisdiction does not exist threatens to prove burdensome and costly, or because it may undermine an expensive and substantially completed litigation.") (citation omitted).

Whether this Court has jurisdiction over this appeal hinges on whether the Bankruptcy Order can be considered a final order or, at least, an interlocutory order that warrants an immediate appeal. "We have . . . recognized that Congress intended to allow for immediate appeal in bankruptcy cases of orders that finally dispose of *discrete disputes within the larger case*. By 'disputes' we do not mean merely competing contentions with respect to separable issues; rather, we apply the same standards of finality that we apply to an appeal under 28 U.S.C. § 1291. Given the strong federal policy against piecemeal appeals, a 'dispute,' for appealability purposes in the bankruptcy context, means at least an entire claim on which relief may be granted." *In re The Bennett Funding Group, Inc.*, 439 F.3d 155, 160 (2d Cir. 2006) (internal quotation marks and citations omitted). "Certification of a permissive interlocutory appeal is limited to

5

extraordinary cases where appellate review might avoid protracted and expensive litigation, and is not intended as a vehicle to provide early review of difficult rulings in hard cases." *In re Manhattan Investment Fund Ltd.*, 288 B.R. 52, 56 (S.D.N.Y. 2002) (internal quotation marks and citations omitted). Here, AFGM's appeal comes in a case that the Bankruptcy Court had closed pursuant to an order of discharge. The Bankruptcy Court reopened the case only to consider a single motion to avoid a single set of liens. Having decided to grant that motion, the Bankruptcy Court has no other proceedings to conduct absent directions from this Court. The Bankruptcy Order thus constitutes a final order that is properly before this Court. *Cf. Bennett*, 439 F.3d at 164 ("Once the Bankruptcy Court issued the [Bankruptcy] Order there was simply nothing further to be done in the Bankruptcy Court, and the case was ripe for appeal despite the pending approvals of other courts.").

### B.    Development of the Record

Although this Court is satisfied that it has jurisdiction to consider this appeal generally, it is concerned that the record on appeal is incomplete. When Nguyen filed his Chapter 7 petition, he listed the value of his homestead as $10,000. AFGM apparently never challenged that assessment. The Bankruptcy Court appears not to have made its own finding about the value of the homestead as of 2005. The record does not state what happened after the order of discharge that would have changed the value of the homestead to

6

$35,000 and would have allowed such a change to be considered by the Bankruptcy Court. The Bankruptcy Court never considered whether AFGM's failure to challenge the original assessment of $10,000 now precludes it, on collateral estoppel grounds, from changing that assessment or from otherwise reviving a claim that would appear to have been addressed through the order of discharge. Finally, the 2009 sale of the homestead raises issues as to whether the 2005 or 2009 value should be considered, whether AFGM has legitimate concerns about the sale not being an arms-length transaction, and whether the property in question still can be considered Nguyen's homestead.

The impact, if any, of the 2009 sale and of all of the above issues on AFGM's lien should be addressed first by the Bankruptcy Court for two reasons. First, there is a chance that the above issues warrant a resolution that would obviate the need to pass on AFGM's statutory and constitutional arguments. Judicial parsimony would be particularly important in the case of the constitutional arguments. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, *J.*, concurring) ("The Court will not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of."). Second, to the extent that addressing the issues outlined above will require new factual findings, this Court may not "make independent factual findings. If the bankruptcy court is silent or ambiguous as to an outcome determinative factual

question, the case must be remanded to the bankruptcy court for the necessary factual findings." *In re JLJ Inc.*, 988 F.2d 1112, 1116 (11th Cir. 1993) (citations omitted). Since all of the above issues ultimately affect whether AFGM still has a claim that requires a statutory or constitutional adjudication, any proceedings necessary in the Bankruptcy Court will fall within the Bankruptcy Court's broad jurisdiction under 28 U.S.C. § 157(b).

## IV.   CONCLUSION

For all of the foregoing reasons, the Court remands this case to the Bankruptcy Court for further proceedings to address the issues raised in this Decision and Order. The Clerk of the Court is directed to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: October 21, 2010